IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN CAMPOS,

    Plaintiff,

vs.                                                      No. 24-cv-695 KWR/GBW

ALISHA LUCERO TAFOYA, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Plaintiff Ruben Campos' Civil Complaint, filed in State Court on June 3, 2024. (Doc. 1-1). Plaintiff is proceeding *pro se* and was incarcerated at the Southern New Mexico Correctional Facility when he filed the Complaint. Also before the Court are the following motions: (1) Motion to Stay Discovery (Doc. 4) and Motion to Dismiss (Doc. 5), filed by Defendants New Mexico Corrections Department, Lujan Grisham, and Tafoya (collectively, "NMCD Defendants"); (2) Motion to Dismiss (Doc. 10), filed by Defendants Wexford Health Services, Inc. and Andrade (collectively, "Wexford Defendants"); and (3) Plaintiff's Motion to Amend Complaint (Doc. 11) and Motion to Dismiss Defendants' Supplemental Pleadings (Doc. 13). Having reviewed the parties' briefing, the record of the case, and relevant law, the Court will grant Plaintiff's Motion to Amend Complaint and will deny the remaining motions without prejudice and as moot.

    **I.**     **Background**

    Plaintiff alleges that on April 22, 2024, while incarcerated at the Southern New Mexico Correctional Facility, he sought medical treatment for his lower back. (Doc. 1-1) at 4. He states

he was first seen by a nurse named Erma who then sent him to Dr. Andrade's office. Plaintiff told Dr. Andrade that he was having problems urinating and Dr. Andrade asked Plaintiff if he "wanted a prostate check." *Id.* Plaintiff states: "I thought he was going to check it through my blood PSA," but Dr. Andrade and Erma helped Plaintiff "get up from the wheelchair and bent me over the medical bench then pulled my shorts down as I was facing the wall, thinking he was going to see the outside of my anus, but then he penetrated my anus with one or two fingers in my anus, with in and out movements." *Id.*

Plaintiff filed his Complaint in State Court on June 3, 2024, and listed Wexford Health Services, Inc. and the New Mexico Corrections Department as Defendants. (Doc. 1-1) at 1. Plaintiff states he "want[s] to press charges for sexual abuse[] and har[]assment." *Id.* He states he is "suffering disabilities according to … the Americans with Disabilities Act," and cites the Eighth Amendment's prohibition on cruel and unusual punishment and the New Mexico Constitution, Article 2, Section 13, regarding personal safety and improper medical care. *Id.* at 6. Plaintiff seeks forty million dollars for his damages. *Id.* at 7.

On July 8, 2024, NMCD Defendants removed Plaintiff's case to this Court on the basis of federal question jurisdiction. (Doc. 1). NMCD Defendants then moved to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6) and for qualified immunity, and moved to stay discovery pending resolution of their qualified immunity defense. (Docs. 4 and 5). Wexford Defendants also moved to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6). (Doc. 10). After Defendants filed their Motions to Dismiss, Plaintiff filed a Motion to Amend Complaint, wherein he states he seeks to add Defendants, withdraw his claim under the Americans with Disabilities Act, and "better assert his claims and grounds for relief within the Federal Court."

(Doc. 11) at 1. Plaintiff also filed a Motion to Dismiss Defendants' Supplemental Pleadings, in which he appears to ask the Court to order Defendants to answer his Complaint. (Doc. 13).

## II. Discussion

Plaintiff seeks to amend his original Complaint to add new Defendants and information, and to withdraw a claim. *See* (Doc. 10). Defendants oppose Plaintiff's Motion to Amend in part because Plaintiff did not attach his proposed amended pleading to the Motion. *See* (Docs. 14, 15). While Local Rule 15.1 requires litigants to attach the proposed amended pleading to a Motion to Amend, in accordance with the liberal construction afforded to *pro se* litigants, the Court will permit Plaintiff to file a single amended pleading within thirty (30) days of entry of this Order. *See* D.N.M. LR-Civ. 15.1; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (providing that an opportunity to amend should be granted for *pro se* litigants unless the amendment would be futile); *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (providing that, generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings). The amendment must not exceed thirty (30) pages in length and must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires plaintiffs to set forth a short and plain statement of the grounds for relief. *See* Fed. R. Civ. P. 8(a). Plaintiff should avoid filing a "shot gun pleading," which cites every conceivable statute and names every conceivable defendant. *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Allowing shotgun pleadings to survive screening unfairly burdens the Defendants and the Court by forcing them "to carefully comb through [the documents] to ascertain … pertinent allegations to which a response is warranted." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014); *see also Pola v.*

*Utah*, 458 F. App'x 760, 762 (10th Cir. 2012) (affirming dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink").

If Plaintiff seeks to raise federal constitutional claims under the Eighth Amendment, he is advised that 42 U.S.C. § 1983 is the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1162, n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official's conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. In addition, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). The Tenth Circuit has held the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999); *see also Jordan v. Doe*, 15 F. App'x 564, 566 (10th Cir. 2001) (same). Further, a private corporation acting under the color of state law is only liable under § 1983 when the corporation's official policy or custom caused a deprivation of constitutional rights. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a . . . policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.").

Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). The objective component can be met where officials fail to prevent an assault, fail to treat a diagnosed medical condition, or fail to address an injury "that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); *see also Farmer*, 511 U.S. at 834 (explaining that a plaintiff must demonstrate that the infringement was sufficiently serious). Under the subjective prong, "a prison official may be held liable ... only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Simple negligence and even gross negligence are not sufficient to support an Eighth Amendment claim. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

Accordingly, Plaintiff may file a single amended complaint in compliance with the parameters set forth above within thirty (30) days of entry of this Order. The Court will deny all pending motions without prejudice, as an amended pleading renders them moot. *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). If Plaintiff files an amended complaint, Defendants may file another motion to dismiss. Plaintiff is advised that any amendment will supersede the Complaint and must include all federal and state claims he wishes to pursue in this case. If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise

supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (**Doc. 11**) is **GRANTED** and within thirty (30) days of entry of this Order, Plaintiff shall file a single, amended pleading as specified above.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery (**Doc. 4**), Motion to Dismiss (**Doc. 5**), and Motion to Dismiss (**Doc. 10**), and Plaintiff's Motion to Dismiss Defendants' Supplemental Pleadings (**Doc. 13**) are **DENIED without prejudice as moot**.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form § 1983 complaint.

**SO ORDERED.**

      /S/ KEA W. RIGGS      
UNITED STATES DISTRICT JUDGE