## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RUBEN CAMPOS,

     Plaintiff,

v.                                      No. 24-cv-695 KWR/GBW

ALISHA LUCERO TAFOYA, *et al.*,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff Ruben Campos' failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated and proceeding *pro se*. For the reasons below, the Court will dismiss this case without prejudice.

## BACKGROUND

Plaintiff filed his original Complaint in State Court on June 3, 2024, and listed Wexford Health Services, Inc. and the New Mexico Corrections Department as Defendants. (Doc. 1-1) at 1. Plaintiff alleges that on April 22, 2024, while incarcerated at the Southern New Mexico Correctional Facility, he sought medical treatment for his lower back. *Id.* at 4. He states he was first seen by a nurse named Erma who then sent him to Dr. Andrade's office. Plaintiff told Dr. Andrade that he was having problems urinating and Dr. Andrade asked Plaintiff if he "wanted a prostate check." *Id.* Plaintiff states: "I thought he was going to check it through my blood PSA," but Dr. Andrade and Erma helped Plaintiff "get up from the wheelchair and bent me over the medical bench then pulled my shorts down as I was facing the wall, thinking he was going to see the outside of my anus, but then he penetrated my anus with one or two fingers in my anus, with

in and out movements." Plaintiff states he "want[s] to press charges for sexual abuse[] and har[]assment." *Id.* He states he is "suffering disabilities according to … the Americans with Disabilities Act," and cites the Eighth Amendment's prohibition on cruel and unusual punishment and the New Mexico Constitution, Article 2, Section 13, regarding personal safety and improper medical care. *Id.* at 6. He seeks forty million dollars for his damages. *Id.* at 7.

On July 8, 2024, NMCD Defendants removed Plaintiff's case to this Court on the basis of federal question jurisdiction. (Doc. 1). NMCD Defendants then moved to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6) and for qualified immunity, and moved to stay discovery pending resolution of their qualified immunity defense. (Docs. 4 and 5). Wexford Defendants also moved to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6). (Doc. 10). After Defendants filed their Motions to Dismiss, Plaintiff filed a Motion to Amend Complaint, wherein he stated he seeks to add Defendants, withdraw his claim under the Americans with Disabilities Act, and "better assert his claims and grounds for relief within the Federal Court." (Doc. 11) at 1.

By a ruling entered March 24, 2025, the Court granted Plaintiff's Motion to Amend and denied Defendants' Motions to Dismiss. (Doc. 25). Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) and *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), the Court directed Plaintiff to file an amended pleading by April 23, 2025. *Id.* at 3. The ruling set forth the pleading standards for federal constitutional claims under the Eighth Amendment and provided guidance on naming the proper defendants. *Id.* at 4-5. The ruling also warned that any amendment will supersede the original Complaint and must include all federal and state claims Plaintiff wishes to pursue in this case, and that if Plaintiff fails to timely amend his complaint, the

2

Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction. *Id.* at 5-6.

Plaintiff did not timely amend. Instead, on April 21, 2025, Plaintiff filed a Letter-Motion requesting appointment of counsel to assist him with translating documents and responding in English. (Doc. 26). By an Order entered May 7, 2025, the Court denied the Letter-Motion to Appoint Counsel and extended the deadline to file an amended complaint. (Doc. 27) (Extension Order). The Court noted the claims are not complex and Plaintiff's filings reflect he is able to prosecute this action on a *pro se* basis at this stage. *Id.* at 2. The Court explained that if Plaintiff needs to file his amended complaint in Spanish, the Court's certified interpreters translate all Spanish documents that are filed with the Court. *Id.* The Court extended the deadline to file an amended complaint through June 6, 2025, *i.e.*, thirty from the entry of the Extension Order. *Id.* The Extension Order again warned Plaintiff that failure to timely amend his complaint may result in dismissal of his claims. *Id.*

Plaintiff failed to timely comply with the Extension Order, opting to file a Letter-Motion for extension of time on the extended amendment deadline. (Doc. 28) (filed June 6, 2025). The Letter-Motion asks to extend the filing deadline for "at least 90 days" because Plaintiff seeks "more time to search legal assistant or legal counsel representation to better help him litigate this case." *Id.*

The Court will consider whether it is more appropriate to dismiss the complaint without prejudice to refiling, rather than overlooking the second failure to timely amend.

## DISCUSSION

Fed. R. Civ. P. 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order." Fed. R. Civ. P. 41(b). The Court may also dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (Rule 41(b) has long been construed to let courts dismiss actions *sua sponte* when plaintiff fails to prosecute or comply with orders); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff). If the dismissal is without prejudice, "a district court may, without abusing its discretion, enter … [a dismissal order] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). If the dismissal is with prejudice, or if the statute of limitations has expired on the dismissed claims, courts must consider certain criteria including prejudice, culpability, and advance warnings. *Id.* (collecting cases).

Dismissal without prejudice is an option here because Plaintiff's claims would not be time-barred if filed anew. Section 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M.S.A. § 37-1-8 (1978). *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). The original Complaint indicates that all claims stem from an incident that occurred on April 22, 2024. (Doc. 1-1) at 4. The statute of limitations will therefore not expire until three years from that date. The only

practical consequence of dismissal without prejudice is that Plaintiff will have to refile the case before that time.

The Court finds such consequence is appropriate under the circumstances.  Plaintiff has had at least 90 days from entry of the ruling granting his Motion to Amend to amend his civil rights complaint.  The ruling specifically warned that the failure to timely amend would result in dismissal.  (Doc. 25) at 5-6).  Nevertheless, Plaintiff refuses to commit to a specific filing deadline and the Court is not convinced that granting another extension would prompt Plaintiff to prosecute this case.  Moreover, the Letter-Motion for extension gives no indication of what specific help Plaintiff seeks or what efforts he has made to obtain such help.  The ruling granting Plaintiff's Motion to Amend set out the legal standard for his federal claim and explained that *pro se* litigants must only submit a short and plain statement for the grounds for relief.  (Doc. 25) at 3.

For these reasons, the Court will deny the Letter-Motion for extension of time (Doc. 28) and dismiss Plaintiff's prisoner civil rights action without prejudice.  *See, e.g., Johnson v. Dash*, 656 Fed. App'x 431, 433 (10th Cir. 2016) (finding no abuse of discretion where district court denied second request for extension based on inmate's "limited library time," as inmate had "ample time to familiarize himself with the issues and authorities").  If Plaintiff wishes to pursue his claims stemming from the April 22, 2024 incident, he should file another complaint before the statute of limitations expires in April 2027.  The Court will direct the Clerk's Office to mail Plaintiff a form civil rights complaint and a form *in forma pauperis* motion, should he wish to refile the claims.

**IT IS ORDERED** that Plaintiff's Letter-Motion for Extension of Time (**Doc. 28**) is **DENIED**.

      **IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Rights Action (**Doc. 1-1**) is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b); and the Court will enter a separate judgment disposing of this civil case.

      **IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form § 1983 complaint and a form *in forma pauperis* motion, should he wish to refile his claims.


        /S/ KEA W. RIGGS
      UNITED STATES DISTRICT JUDGE